**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**
          **Plaintiff,**

**-vs-**                                                       **Case No. 6:06-cv-1102-Orl-18KRS**

**DAVID RUETZ,**
**SCOTT SLAYBACK,**
**BONNIE L. HALES,**
**CITIMORTGAGE, INC.,**
          **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS (Doc. No. 48)**
>
> **FILED:**      **May 29, 2007**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

      Defendant David Ruetz filed a Notice of Appeal on May 25, 2007, doc. no. 47, seeking review of the Court's Order, doc. no. 46, denying his motion to dismiss, doc. no. 44. Thereafter, Ruetz filed the present motion seeking to proceed *in forma pauperis* on appeal.

      Pursuant to 28 U.S.C. § 1915(e), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Additionally, an application to appeal *in forma pauperis* may be denied "if it appears – objectively – that the appeal cannot succeed as a matter

of law." *DeSantis v. United Technologies Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998), *aff'd without opinion*, 193 F.3d 522 (11th Cir. 1999).

Subject to certain limited exceptions, the court of appeals only has jurisdiction to hear final decisions of the district courts. 28 U.S.C. §§ 1291, 1292. "[A] decision is not final, ordinarily, unless it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 204 (1999) (internal quotations omitted). Because the court of appeals will not have jurisdiction, an appeal of non-final orders is not taken in good faith unless it qualifies as an appealable interlocutory order under either 28 U.S.C. § 1292 or the collateral order doctrine. *See Cunningham*, 527 U.S. at 202-04. *See also Jackson v. Grimes*, No. 6:05-CV-1643-ORL-19KRS, 2006 WL 3842091, at *1 (M.D. Fla. Dec. 8, 2006); *Bethel v. City of Daphne*, Civil Action No. 06-0626-KD-B, 2006 WL 3834274, *2 (S.D. Ala. Dec. 27, 2006) ("Since it is apparent that appellate jurisdiction is lacking over this interlocutory matter, the undersigned concludes that plaintiffs' appeal of the November 3, 2006 order is without arguable merit as a matter of law [and] . . . that it is not taken in good faith.").

In the present action, the Court's Order denying Ruetz's motion to dismiss is not a final order. Ruetz has not requested leave to appeal under § 1292, and he presents no basis to conclude that an appeal is appropriate under the collateral order doctrine. Accordingly, the request for permission to appeal *in forma pauperis* is premature.

Because Ruetz's Notice of Appeal is not related to an appealable final order or otherwise appealable, I respectfully recommend that the motion be **DENIED**. The Clerk of Court should serve

a copy of the Court's ruling on this Report and Recommendation on the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 19, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy