UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,
          Plaintiff,

-vs-                                        Case No. 6:06-cv-1102-Orl-18KRS

DAVID RUETZ,
SCOTT SLAYBACK,
BONNIE L. HALES,
CITIMORTGAGE, INC.,
          Defendants.

## ORDER

THIS CAUSE comes before the Court on Plaintiff's Motion for Summary Judgment (Doc. 49, filed May 31, 2007), to which Defendant did not respond. Plaintiff United States of America ("the United States") brings this action against Defendant David Ruetz ("Ruetz")[1] to obtain a judgment for unpaid federal income tax liabilities assessed against Ruetz for the years 1996 to 1998, to foreclose on federal tax liens, and to sell real property. After reviewing the memorandum provided by the United States, the Court **GRANTS** the Motion for Summary Judgment in full.

### I. PROCEDURAL BACKGROUND

The United States filed this action on July 26, 2006, to obtain a judgment for unpaid federal income tax liabilities assessed against Ruetz for the years 1996 to 1998, to foreclose on

---

[1] Also joined in this action are Defendant CitiMortgage, Inc. ("CitiMortgage"), Defendant Bonnie L. Hales ("Hales"), and Defendant Scott Slayback ("Slayback"). This summary judgment order is primarily directed at Ruetz; to the degree that it does not, the order will so reflect.

federal tax liens, and to sell real property. CitiMortgage and Hales were also named defendants to this action pursuant to Section 7403(b) of the Internal Revenue Code ("IRC"), as parties that may claim a lien upon or an interest in one or more of the parcels of real property in issue. The United States and CitiMortgage thereafter filed a joint stipulation, entered by the Court on October 16, 2006 (Doc. 16), stating that CitiMortgage's mortgage interest in the real property in question is a senior lien and has priority over the United States' federal tax liens. Default was entered against Hales on November 8, 2006 (Doc. 24) for failure to plead or otherwise respond to the action as required under the Federal Rules of Civil Procedure. On December 7, 2006, an Amended Complaint (Doc. 27) was filed, adding Slayback, who purportedly replaced Hales as trustee of a trust holding title to the real property at issue. Ruetz and Slayback filed an Answer to the Amended Complaint on December 26, 2006. (Doc. 31.)

## II. FACTUAL BACKGROUND[2]

Ruetz earned compensation from his work as a cabinet installer for the years 1996, 1997 and 1998. Ruetz failed to file federal income tax returns, and as a result also failed to pay income taxes on his employment compensation for these years. On February 28, 2000 and April

---

[2]On January 5, 2007, the United States served on Ruetz its First Request for Admissions. Ruetz never answered the First Request for Admissions. Per Rule 36 of the Federal Rules of Civil Procedure, all requests for admissions are deemed admitted if not answered "within 30 days after service of the request." Fed. R. Civ. P. 36(a). Furthermore, "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). As Ruetz has neither answered the Request for Admissions, nor has he filed a motion before this Court permitting withdrawal or amendment of his admissions, all matters contained within the United States' First Request for Admissions are deemed admitted and "conclusively established." Many of these admissions are now contained in this Factual Background section. Additionally, due to the lack of response by Ruetz to the Motion for Summary Judgment, nearly all the background recited in this Order comes from the United States.

16, 2001, the Internal Revenue Service ("IRS"), pursuant to the IRC, assessed against Ruetz individual income tax, interest and penalties for the years 1996 to 1998. As of January 31, 2007, Ruetz's account balance for these three years was $119,692.21. At the time of these assessments, tax liens arose against Ruetz under the IRC, and these federal tax liens attached to all his property and his rights to property. See 26 U.S.C. §§ 6321-22. On February 19, 2002, a Notice of Federal Tax Lien was filed properly in Orange County, Florida, for the federal income tax liability of Ruetz. On this date, Ruetz owned and had an interest in real property located at 2203 Drake Drive, Orlando, Florida 32810 ("the Drake Drive property").[3] Thereafter, the federal tax liens attached to the Drake Drive property. As noted above in the Procedural Background, CitiMortgage holds a mortgage on the Drake Drive property. Ruetz is the mortgagee and makes mortgage payments on the Drake Drive property to CitiMortgage. Ruetz leases the Drake Drive property to third parties who reside on the property, and Ruetz collects rental payments.

On February 20, 2002 (the day after the Notice of Federal Tax Lien was filed), Ruetz purported to transfer title to the Drake Drive property to Hales as trustee for a trust known as Trust Number 2203. Thereafter, Slayback succeeded Hales as trustee of Trust Number 2203. The Certificate of Resignation of Trustee was signed by Hales on August 22, 2006. The Certificate of Appointment of Successor Trustee (of Slayback) was signed by Ruetz on

---

[3] The Drake Drive property is specifically described as "Lot 110, WHISPERING PINES ESTATES, 1-ST. Addition, according to the Plat thereof as recorded in Plat Book R, Page 146, Public Records of Orange County, Florida; Parcel Identification Number: 28-21-29-9264-01100," according to the warranty deed.

November 1, 2006. This trust transfer, and subsequent substitution, did not relieve the Drake Drive property of the encumbrance arising from the federal tax liens. No trustee controls the Drake Drive property, however; Ruetz controls the Drake Drive property and all the income that derives from it.

### III. SUMMARY JUDGMENT STANDARD

A court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see, e.g., Stachel v. City of Cape Canaveral, 51 F. Supp. 2d 1326, 1329 (M.D. Fla. 1999). Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The moving party may rely solely on the pleadings to satisfy its burden. Celotex, 477 U.S. at 323-24. A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit affidavits, depositions, answers to

interrogatories, or admissions that designate specific facts indicating there is a genuine issue for trial. Id. at 324. If the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment. Anderson, 477 U.S. at 249-50. Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case. Celotex, 477 U.S. at 322.

## IV. DISCUSSION

The United States, through the IRS, complied with all applicable provisions of law in determining Ruetz's federal tax liabilities. These liabilities were assessed as stated above, and Ruetz has failed to pay the liabilities.

It is well settled that tax assessments are presumptively valid. Welch v. Helvering, 290 U.S. 111, 115 (1933); Olster v. Comm'r of IRS, 751 F.2d 1168, 1174 (11th Cir. 1985) ("Absent a finding that the computational methods used, and therefore the assessment, was arbitrary and without foundation, the tax deficiency is presumptively correct."). "The taxpayer has the burden of proving that the computational method used is arbitrary and without foundation." Olster, 751 F.2d at 1174. Ruetz has not brought forth a single argument to show that the assessed liabilities are not correct. Therefore, the assessed liabilities are deemed conclusively established.

Pursuant to sections 6321 and 6322 of the IRC, when Ruetz neglected or refused to pay his assessed federal tax liabilities for the years in issue after notice and demand for payment, federal tax liens arose on all property and rights to property belonging to Ruetz. Federal tax liens arise at assessment and continue until the liability for the amount assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason

of lapse of time. 26 U.S.C. §§ 6322, 6502(a)(1). Because Ruetz has not paid his assessed tax liabilities, the federal tax liens continue to encumber all his property.

Section 7403 of the IRC permits the United States to foreclose its tax liens and sell property to which its liens have attached. 26 U.S.C. § 7403; see also United States v. Rogers, 649 F.2d 1117, 1120, 1124 (5th Cir. 1981), rev'd on other grounds, 461 U.S. 677 (1983).[4] Ruetz attempts to shield the Drake Drive property from the federal tax liens through the previously-discussed trust, naming, at separate times, Hales and Slayback as trustees. However, the facts demonstrate that the tax liens attached to the Drake Drive property before the purported trust, and therefore are not effective in shielding the property.[5] The only encumbrance on the Drake Drive property that would affect the United States' interest upon foreclosure is the mortgage held by CitiMortgage. As a result, the United States may foreclose the federal tax liens against Ruetz and sell the Drake Drive property.

---

[4] Fifth Circuit cases decided before October 1, 1981, Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), as well as decisions by a Unit B panel of the former Fifth Circuit, Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982), are binding precedent in the Eleventh Circuit.

[5] The United States appropriately points out that, in all likelihood, Ruetz was attempting a sham trust merely to protect the Drake Drive property from the federal tax liens. This Court need not reach that conclusion, however, and need not discuss the elements of the trust—whether there was consideration, or whether there are identified beneficiaries of the trust—because the trust, sham or not, arose after the Federal Tax Lien was filed on February 19, 2002. Additionally, it is clear to this Court that Ruetz is the only beneficial owner of the Drake Drive property. Ruetz leases the property and receives payment for the rental. He also is shown as the mortgagee for the property at every point from 1997 through 2006. Nothing in the records before this Court indicates anyone other than Ruetz as the owner of the Drake Drive property.

## V. CONCLUSION

For the foregoing reasons, the United States' Motion for Summary Judgment is **GRANTED**. In summary, the Court determines the following:

(1) Defendant David Ruetz is indebted to the United States for unpaid federal income tax liabilities for the years 1996-98, inclusive, in the total amount of $119,692.21 as of January 31, 2007, plus further interest and statutory additions as allowed by law, to the date of payment;

(2) the federal tax liens, notice of which have been filed in the public records of Orange County, Florida, attach to all property and to rights to property of Defendant David Ruetz, including the real property located at 2203 Drake Drive, Orlando, Florida 32810, more particularly described as Lot 110, WHISPERING PINES ESTATES, 1-ST. Addition, according to the Plat as recorded in Plat Book R, Page 146, Public Records of Orange County, Florida; Parcel Identification Number 28-21-29-9264-01100;

(3) the federal tax liens of the United States upon the real property of Defendant David Ruetz, including the real property located at 2203 Drake Drive, Orlando, Florida, 32810, shall be foreclosed and sold;

(4) the proceeds of the sale shall be distributed in accordance with the seniority of the liens attached to the property at 2203 Drake Drive, Orlando, Florida, 32810, namely, that Defendant CitiMortgage's lien is senior, and its outstanding mortgage shall be paid off by the foreclosure's proceeds first, and then proceeds to the United States for application to the unpaid federal income tax liabilities of Defendant David Ruetz; and

(5) in the event the net proceeds of the foreclosure sale do not satisfy in full the unpaid federal income tax liabilities of Defendant David Ruetz, a deficiency judgment shall be entered against Ruetz and in favor of the United States.

The Clerk of the Court is **ORDERED** to **ENTER JUDGMENT ACCORDINGLY** and **CLOSE THE CASE.**

**DONE** and **ORDERED** in Orlando, Florida on this _14_ day of August, 2007.

                                              **G. KENDALL SHARP**
                                              SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties